THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION AT DAYTON

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | : | |
| Plaintiff, | | Case No. 3:19-cr-137 (2) |
| v. | : | |
| SAVON P. POPE., | | Judge Walter H. Rice |
| Defendant. | : | |

---

DECISION AND ENTRY OVERRULING MOTION TO MODIFY
SENTENCE PURSUANT TO 18 U.S.C. § 3582(c)(1)(A) (DOC. #690)
AND OVERRULING MOTION TO STAY FILING 28 U.S.C. § 2255
MOTION PENDING OUTCOME OF COMPASSIONATE RELEASE
MOTION (DOC. #704) OF DEFENDANT SAVON P. POPE

---

Before the Court are the Motion to Modify Sentence Pursuant to 18 U.S.C. § 3582(c)(1)(A) ("Compassionate Release Motion", Doc. #690) and Motion to Stay Filing 28 U.S.C. § 2255 Motion Pending Outcome of Compassionate Release Motion ("Motion to Stay," Doc. #704) of Defendant Savon P. Pope. For the reasons set forth below, the Motions are OVERRULED.

I.  **Factual Background and Procedural History**

On August 24, 2021, Defendant was sentenced to eighty-five months imprisonment after pleading guilty to one count from the Indictment of conspiracy to possess with intent to distribute 400 grams or more of a mixture or substance containing a detectable amount of fentanyl. (Amended Judgment, Doc. #644,

PAGEID 3663-64, citing 21 U.S.C. §§ 841(a)(1), 846; Indictment, Doc. #23). Defendant is thirty-one years old with a present release date of April 5, 2026.[1]

On February 23, 2022, Defendant purported to file a request to his Warden for compassionate release. (Request, Doc. #690-5, PAGEID 4036). On April 22, 2022, Defendant filed the Compassionate Release Motion. Therein, he asserts that he is the only available caregiver for his children. Specifically, he argues that, given the abuse of his children by their mother, and Pope's mother's health issues making it challenging to care for the children, his release is the only way to avoid his children being placed in foster care. (Doc. #690, PAGEID 4023-24). In the Motion to Stay, docketed August 19, 2022, Defendant moved to toll the statute of limitations on filing a motion to vacate his sentence under 28 U.S.C. § 2255 until a decision was made on the Compassionate Release Motion. (Doc. #704, PAGEID 4289).

The matter is ripe for decision.

## II. Legal Standards

A district court may, in certain limited circumstances, grant "compassionate release" and modify a term of imprisonment after it has been imposed:

> [T]he court ... may reduce the term of imprisonment (and may impose a term of probation or supervised release with or without conditions that does not exceed the unserved portion of the original term of imprisonment), (1) after considering the factors set forth in section 3553(a) to the extent that they are applicable, (2) if it finds that extraordinary and compelling reasons warrant such a

---

[1] https://www.bop.gov/inmateloc/ (last accessed Aug. 6, 2024).

2

reduction . . .(3) and that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission. [2]

18 U.S.C. § 3582(c)(1)(A)(i) (numeration added). Defendants seeking compassionate release may file a motion with the district court only after they submit a request to his or her warden to move for compassionate relief on their behalf and either (a) the warden denies the request, or (b) the warden does not respond within thirty days from the submission of the request. *Id*. Failure to comply with the exhaustion strictures set forth in the statute deprive a court of authority to entertain the petition. *See United States v. Alam*, 960 F.3d 831, 834 (6th Cir. 2020) (internal quotation marks and citation omitted) (First Step Act's exhaustion requirement is, in essence, a "mandatory claim-processing rule[]" that, when properly invoked, courts must enforce by dismissing the motion).

If the district court adjudges that a defendant has not met one of the elements, then it may overrule a motion for compassionate release without discussing any of the other elements. *United States v. Elias*, 984 F.3d 516, 519 (6th Cir. 2021). Further, relief under the statute is wholly discretionary; even if a defendant meets all three elements of the statute, the Court may, but need not, order compassionate release. *United States v. Jones*, 980 F.3d 1098, 1106 (6th Cir. 2020).

---

[2] The United States Court of Appeals for the Sixth Circuit has held that the Guidelines Section 1B1.13 is not an applicable policy statement with respect to motions for compassionate release filed by prisoner defendants. *United States v. Elias*, 984 F.3d 516, 519 (6th Cir. 2021). Nonetheless, the Court may look to Section 1B1.13 for guidance as to what constitutes an "extraordinary and compelling reason[.]" *Id*. at 519-20.

### III. Analysis

#### A. Compassionate Release Motion

Courts may look to the Sentencing Commission policy statements for guidance as to what constitutes an extraordinary and compelling reason for release. *Elias*, 984 F.3d at 519-20. Notably, the most extensive set of extraordinary and compelling reasons set forth by the Sentencing Commission are medical impairments that a defendant may be suffering. UNITED STATES SENTENCING COMM'N, GUIDELINES MANUAL, § 1B1.13(b)(1) (2023). Defendant does not allege that he is suffering from any serious health impairments; nor is his age of only thirty-one years old a compelling reason for release. *Id.* at § 1B1.13(b)(1-2). The Sentencing Commission does allow as a compelling reason "[t]he death or incapacitation of the caregiver of the defendant's minor child or the defendant's child who is 18 years of age or older and incapable of self-care because of a mental or physical disability or a medical condition." *Id.* at § 1B1.13(b)(3)(A). However, Defendant does not claim, much less produce supporting evidence, that his mother is incapacitated or unable to care for his children; rather, he only states that her diabetes, high blood pressure, and cancer "has made her care for the children very difficult." (Doc. #690, PAGEID 4023). While there is no bright-line rule for what constitutes "incapacitation of the caregiver," several courts that have examined the issue have concluded "that the family member must be wholly dependent on the defendant (*and only the defendant*) for care." *United States v. Mirabal*, No. 16 Crim. 272 2023 WL 2401377, *7 (S.D.N.Y. Mar. 8, 2023)

4

(emphasis added), citing *United States v. Lindsey*, No. 13 Crim. 271, 2021 WL 37688, *3 (S.D.N.Y. Jan. 4, 2021), *reconsideration denied at* 2021 WL 2186975 (S.D.N.Y. May 28, 2021); *see also United States v. Miles*. No. 7:16-cr-57, 2023 WL 3309875, *7 n.6 (W.D. Va. May 8, 2023), citing *United States v. Ingram*, No. 1:18-cr-19-2, 2021 WL 4812978, *1 (W.D. Va. Oct. 15, 2021) ("Courts have occasionally found extraordinary and compelling circumstances in . . . caretaking claims, but only in cases of extreme need where the defendant is the only possible caretaker[.]"). Here, Defendant's mother can and does (albeit with difficulty) care for Defendant's children. Thus, caring for minors cannot be an extraordinary and compelling reason for release. As Defendant offers no other reason for release, his motion fails for that reason alone. *Elias*, 984 F.3d at 519.[3]

Defendant's Motion would also fail even if an extraordinary and compelling reason for release existed. At the time Defendant filed his Motion, he had served less than two years (counting good time credits) of an eighty-five-month sentence for attempting to distribute at least 400 grams of fentanyl; even now, he has served barely half of the original sentence. (Doc. #644, PAGEID 3663-64). By Defendant's admission, through much of 2019, he received fentanyl in bulk from the Western United States and then "processed these drugs, repackaged them, and then sold these controlled substances to other local drug dealers for thousands of dollars in cash." (Statement of Facts, Doc. #323, PAGEID 1489). The harm

---

[3] Defendant's citation of *United States v. Thompson* (Doc. #690, PAGEID 4023, citing No. 20-5238, 2020 U.S. App. LEXIS 27826 (6th Cir. Sept. 1, 2020)), is inapposite, as the case is a direct appeal and does not address compassionate release.

5

that abuse and improper use of fentanyl and other opioids has done to individuals and society as a whole cannot be overstated, and through his actions, Defendant created a very high risk to the community. A prison sentence of less than four years, which is what Defendant would serve were he granted release, would not serve "to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense." 18 U.S.C. § 3553(a)(2)(A). As Defendant has failed to satisfy the 18 U.S.C. § 3553(a) factors, his Motion must be overruled for that reason as well.

B.     **Motion to Stay**

A motion to vacate conviction under 28 U.S.C. § 2255, like a petition for writ of *habeas corpus* under 28 U.S.C. § 2254, must be filed within one year of the date of the conviction becoming final, defined as "the date on which the judgment of conviction becomes final[.]" 28 U.S.C. § 2255(f)(1). The statute of limitations is not a jurisdictional threshold and may be equitably tolled. *Shelton v. United States*, 800 F.3d 292, 295 (6th Cir. 2015). "As a general matter, convictions become final upon conclusion of direct review." *Sanchez-Castellano v. United States,* 358 F.3d 424, 426 (6th Cir.2004). In the Sixth Circuit, "when a federal criminal defendant does not appeal to the court of appeals, the judgment becomes final upon the expiration of the period in which the defendant could have appealed to the court of appeals, even when no notice of appeal was filed." *Id*, at 426. Thus, Defendant had until September 7, 2021, fourteen days from the date of the amended judgment becoming final on August 24, 2021 (Doc. #644), to

appeal the judgment. FED.R.APP.P. 4(b)(1)(A). Defendant did not appeal, meaning that his conviction became final on September 8, 2021, and that he had until September 8, 2022, to file a 28 U.S.C. § 2255 motion. As the Motion to Stay was docketed on August 19, 2022 (Doc. #704, PAGEID 4289), it was timely.

The Sixth Circuit has applied the Supreme Court's two-factor test for equitable tolling of the *habeas corpus* statute of limitations to 28 U.S.C. § 2255 motions. Consequently, to obtain equitable tolling, a 28 U.S.C. § 2255 movant must show that: (1) "he has been pursuing his rights diligently"; and (2) "some extraordinary circumstance stood in his way and prevented timely filing." *Johnson v. United States*, 457 F. App'x 462, 470 (6th Cir. 2012), citing *Holland v. Florida*, 560 U.S. 631, 649 (2010). The Court need not examine the first element, because Petitioner fails to meet the second. Implicit in the Motion to Stay is a perception that this Court granting Defendant's Compassionate Release Motion would render any 28 U.S.C. § 2255 motion moot or superfluous. Not so. A motion under 28 U.S.C. § 2255, the civil procedure section of the United States Code, is a collateral attack on the validity of the conviction itself; "[i]f the court finds that the petitioner's judgment was unlawful for any one of a number of reasons specified in the statute, 'the court shall vacate and set the judgment aside.'". *Ajan v. United States*, 731 F.3d 629, 631 (6th Cir. 2013), quoting 28 U.S.C. § 2255(b) Compassionate release, as discussed above, is an equitable truncation of a term of incarceration that leaves a defendant's underlying conviction and judgment untouched. It also arises under 18 U.S.C. §

7

3582(c)(1)(A), the criminal law section of the United States Code. They are two different types of motions seeking different relief, and filing of one such motion has no impact on the ability to file the other. Defendant has failed to identify any circumstance, extraordinary or otherwise, that would have prevented his timely filing of a 28 U.S.C. § 2255 motion while also filing the Compassionate Release Motion. Thus, he has failed to meet the *Holland* standard for equitable tolling, and his Motion to Stay must be overruled.

IV.   Conclusion

For the reasons set forth above, Defendant's Motion for Compassionate Release (Doc. #690) and Motion to Stay (Doc. #704) are OVERRULED.

The captioned case remains terminated upon the docket records of the United States District Court for the Southern District of Ohio, Western Division, at Dayton.

IT IS SO ORDERED.

August 7, 2024

*Walter H. Rice*
WALTER H. RICE, JUDGE
UNITED STATES DISTRICT COURT